IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PATRICK D. HUDSON,

                Plaintiff,

v.

CHIPPEWA CNTY. and WADE NEWELL,

                Defendants.

OPINION and ORDER

25-cv-1015-jdp

      Plaintiff Patrick D. Hudson is incarcerated at Stanley Correctional Institution. Hudson, a black man, alleges that defendant Chippewa County District Attorney Wade Newell declined to prosecute a white prisoner who assaulted Hudson during a soccer match, breaking Hudson's wrist. Hudson is proceeding without counsel.

      Because Hudson is incarcerated, I must screen the complaint under 28 U.S.C. § 1915A and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Hudson's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for lack of subject matter jurisdiction, and I will assess a strike against Hudson under 28 U.S.C. § 1915(g).

ANALYSIS

      Hudson alleges that Newell declined to charge the white prisoner who assaulted him because he is black and the prisoner is white. Hudson says he brings his claim under Wisconsin

law, and he seeks $160,000 in damages. Dkt. 1 at 4. Hudson also requests an order requiring Newell to charge the prisoner who assaulted him.

If Hudson brings his claims under Wisconsin law, the only possible basis for jurisdiction is diversity of citizenship. District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The jurisdictional statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). "[A] political subdivision of a State . . . is a citizen of the State for diversity purposes." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Hudson has the burden to allege a basis for diversity jurisdiction. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).

Hudson, Newell, and defendant Chippewa County are all Wisconsin citizens. Dkt. 1 at 1–2. Because the parties lack complete diversity of citizenship, Hudson has not shown a basis for the court to exercise diversity jurisdiction over his state-law claims. I will dismiss the complaint without leave to amend for lack of subject matter jurisdiction.

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But "if it is clear that any amendment would be futile," I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Hudson's assertion of diversity jurisdiction is frivolous, so further amendment would be futile. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("A complaint that identified the defendant as a citizen of the same state as the plaintiff and alleged no basis other

than diversity of citizenship for federal jurisdiction might be dismissed as frivolous . . . ." (citations omitted)).

Hudson could not cure the problem by claiming to pursue federal-law claims. Crime victims, as Hudson claims to be, "lack any legal right to compel a criminal prosecution." *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999). Along similar lines, "mere inactivity by police does not give rise to a constitutional claim." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Without a viable federal constitutional claim against Newell or law enforcement, there would be no basis under federal law to proceed against Chippewa County. *See Gaetjens v. City of Loves Park*, 4 F.4th 487, 495 (7th Cir. 2021) ("[A] municipality cannot be [constitutionally] liable . . . when there is no underlying constitutional violation by a municipal employee.").

I will assess a strike against Hudson under § 1915(g) because his assertion of diversity jurisdiction is frivolous.

ORDER

IT IS ORDERED that:

1. Plaintiff Patrick D. Hudson's complaint, Dkt. 1, is DISMISSED without leave to amend for lack of subject matter jurisdiction.

2. A strike is to be recorded against Hudson under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered January 23, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge